1 | Lisa G. Sherman (SBN: 176548)
2 | lisa@sherm-law.com
  | SHERMAN LAW CORPORATION
3 | 225 Avenue I, Suite 203
  | Redondo Beach CA 90277
4 | Tel.: 213.341.4417
  | Fax: 213.394.3066
5 |
6 |
  | Attorneys for Creditor Pamela M. Teren,
7 | and Pamela Teren, Inc.

**FILED & ENTERED**

**MAY 09 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bryant **DEPUTY CLERK**

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| In re | Case No. 2:16-bk-14302-WB |
|---|---|
| NL ABROLAT, INC. | Chapter 11 |
| Debtor. | ~~CREDITORS PAMELA TEREN AND PAM TEREN, INC.'S [PROPOSED]~~ **ORDER CONFIRMING DEBTOR N.L. ABROLAT'S SECOND AMENDED PLAN OF REORGANIZATION (DOCKET ~~166~~ *117*)** |

The confirmation hearing of debtor N. L. Abrolat, Inc.'s **("Debtor")** Second Amended Chapter 11 Plan of Reorganization (the **"Plan"**) came on before this Court on March 9, 2017 at 10:00 a.m. Alan Forsley appeared for the Debtor and Lisa Sherman appeared for creditors Pamela Teren and Pam Teren, Inc. (collectively "Teren").

At the March 9, 2017 Confirmation hearing, Debtor's counsel, Alan Forsley ("Forsley"), agreed to the following ~~"non-material"~~ ***non-material*** modifications to the Plan: (1) Debtor will treat Teren's claim as an administrative claim and earmark cash funds currently in Debtor's bank

accounts to pay Teren's claim on the effective date of the Plan, subject to resolution of Debtor's Objection to Teren's claim; (2) Debtor will keep at least $250,000 of the $500,000 she has now in the account to fund further litigation; (3) Debtor has enough money to pay all administrative claims and will pay off all other unsecured creditors in full ~~and dismiss the bankruptcy case~~ once the two judgments for $888,000 and $600,000 on appeal are resolved; (4) Abrolat shall maintain the shares of Debtor and remain the 100% shareholder following discharge; and (5) ~~withdraw~~ the injunction against Teren and other creditors *is withdrawn*.

The Court, after taking the matter under submission and considering all papers filed in this matter, the representations of counsel made at the hearing, and the facts and circumstances of this case, and good cause appearing therefor~~e~~, the Court finds that the Plan satisfies all of the applicable requirements of 11 U.S.C. § 1129(a) and (b), the Plan is fair and equitable and does not discriminate unfairly,

**IT IS HEREBY ORDERED** as follows:

1. The Debtor's Plan satisfies all applicable requirements of section 1129(a) and (b) of the Bankruptcy Code and is hereby confirmed;

2. Debtor is to pay Teren her administrative claim of $134,764.28 (One Hundred Thirty-Four Thousand Seven Hundred Sixty-Four and 28/100 Dollars) on the Effective Date of the Plan in cash or certified funds that Debtor has previously earmarked to pay Teren. ~~Any additional amounts awarded to Teren as authorized by Court Order (i.e., by this Court or a non-bankruptcy Court) shall also be treated as administrative claims.~~

3. As a result of Debtor's withdrawal of its Plan injunction request at the confirmation hearing, the Plan does not include any injunction as to any creditor; and

4. Within 120 days of the entry of this order, Debtor shall file a status report explaining what progress has been made toward consummation of the confirmed plan of reorganization. The initial report shall be served on the United States Trustee, the 20 largest unsecured creditors, and those parties who have requested special notice. Further reports shall be filed every *120* days thereafter and served on the same entities, unless otherwise ordered by the

1  Court. A post confirmation status conference will be held on ***August 3***, 2017, at 10:00 a.m. in
2  Courtroom 1375.

4  IT IS SO ORDERED.

5  ###

25  Date: May 9, 2017

Julia W. Brand
United States Bankruptcy Judge